# UNITED STATES DISTRICT COURT

For the
District of New Jersey

Civil Division

| | |
|---|---|
| PRE-SETTLEMENT FINANCE, LLC ) | Case No. _____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| -against- ) | Jury Trial: ☐ Yes |
| ) | |
| THERESA M. ELLIS and SCOTT A. ) | No ☒ |
| ZUKOWSKI ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### I.    THE PARTIES TO THIS COMPLAINT

#### A. The Plaintiff

1. Plaintiff, Pre-Settlement Finance, LLC ("PSF"), is a New York Limited Liability Company whose business address is located at 183 New Dorp Lane, Staten Island, Richmond County, New York 10306.

#### B. The Defendants

2. Defendant Theresa Ellis ("Theresa") was at all times relevant herein, residing at 51 N. First Street, Bangor, Pennsylvania 18013.

3. Defendant Scott A. Zukowski ("Scott") was at all times relevant herein, residing at 51 N. First Street, Bangor, Pennsylvania 18013.

### II.    JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. §1332, I.E., Diversity of Citizenship

1

and the value of the claim exceeds $75,000.00.

5. Plaintiff is a New York corporation and has a place of business located in New York County, in the State of New York.

6. Defendants Theresa and Scott are citizens of the Commonwealth of Pennsylvania.

7. On March 3, 2016, PSF previously filed a Verified Complaint in the Supreme Court of New York, Richmond County against Theresa and Scott for the same claim. (the "NY Action")

8. After PSF filed a motion for a default judgment in the NY Action, Theresa and Scott filed a cross-motion to dismiss the complaint.

9. On June 26, 2017, the Honrable Charles M. Troia, J.S.C. entered an Order dismissing the NY Action without prejudice and directed that PSF re-file the action in the United States District Court, District of New Jersey.

10. As a result, PSF has jurisdiction in the United States District Court, District of New Jersey.

## III.   STATEMENT OF CLAIM

### A.  **THE BUSINESS OF PSF**

11. The principle purpose of PSF is to advance money to Plaintiffs involved in personal injury and related litigation.

12. When PSF advances money to Plaintiffs, PSF purchases a portion of the potential proceeds of litigations as well as purchasing proceeds from personal injury cases, among other claims.

13. Pursuant to the terms of the Contract, in the event that the Plaintiff does not recovery any money from the Litigation, then Plaintiff owes no money to PSF.

14. In the event that the Plaintiff does recover money from the Litigation, PSF is paid according to the fee schedule included in the Contract.

## B.   THERESA'S REQUEST FOR FINANCING

15. Based upon information and belief, in or about September 2010, Theresa contacted PSF and requested financing from PSF to be paid to Theresa.

16. Based upon information and belief, when THERESA contacted PSF to obtain this financing, PSF was advised that THERESA was a Plaintiff in a case captioned *Theresa M. Ellis and Scott A. Zukowski v. Ethicon, Inc. et al.,* U.S.D.C. District of New Jersey, Civil Action No.: 3:05-cv-726, which arose out of an incident that took place in or about 2001. (hereinafter the "Ellis Case").

17. Based upon information and belief, THERESA advised PSF that her attorney in the Ellis Case was Jill Fisher, Esq. ("Fisher") from the law firm of Zuckerman & Fisher, LLC. ("Z&F")

18. Based upon information and belief, in order to induce PSF to advance funds to THERESA, Fisher and Z&F provided information about the Case to PSF, in New York.

## C. CASH ADVANCE – CONTRACT DATED  9/23/2010

19. After reviewing the Case, on or about September 23, PSF determined that it could advance the sum of TWENTY NINE THOUSAND DOLLARS ($29,000.00) to Theresa, and provided to Theresa and Z&F the PSF CONTRACT, which consisted of three documents: 1) PLAINTIFF'S AGREEMENT TO PAY PROCEEDS CONTINGENT ON SUCCESSFUL SETTLEMENT, JUDGMENT OR VERDICT AND RECEIPT OF PROCEEDS; AGREEMENT TO ASSIGN PROCEEDS ("Plaintiff's Agreement"); 2) ATTORNEY ACKNOWLEDGEMENT OF

3

EXPLANATION OF TERMS TO PLAINTIFF OR IRREVOCABLE LIEN AND ASSIGNMENT TO PS FINANCE, LLC ("Attorney Acknowledgement"); and 3) PLAINTIFF'S IRREVOCABLE GRANT OF LIEN, ASSIGNMENT OF PROCEEDS AND LIEN PAYMENT INSTRUCTIONS ("Irrevocable Assignment"), (collectively the "Plaintiff's Agreement", "Irrevocable Assignment" and the "Attorney Acknowledgement" are referred to as the "CONTRACT"). On or about 9/23/2010, PSF, Theresa and Fisher and Z&F executed the 9/23/2010 CONTRACT.

### i.   Contingent Nature of the Contract

20. ¶ 2 of the Plaintiff's Agreement states that PSF is to be paid only in the event that there are proceeds from the Case and ¶3(a) states that this Agreement is an assignment of proceeds from the Case.

### ii.   The Documents are Merged

21. Pursuant to ¶14 Merger/Entire Agreement of the Plaintiff's Agreement, all of the documents signed by Theresa are merged. Specifically, that paragraph states that

> The Parties hereto agree that this Agreement, PLAINTIFF'S AGREEMENT TO PAY PROCEEDS CONTINGENT ON SUCCESSFUL SETTLEMENT, JUDGMENT OR VERDICT AND RECEIPT OF PROCEEDS; AGREEMENT TO ASSIGN PROCEEDS; PLAINTIFF'S IRREVOCABLE GRANT OF LIEN, ASSIGNMENT OF PROCEEDS AND LIEN PAYMENT INSTRUCTIONS; and ATTORNEY ACKNOWLEDGEMENT OF EXPLANATION OF TERMS TO PLAINTIFF, OF IRREVOCABLE LIEN AND ASSIGNMENT TO PRE-SETTLEMENT FINANCE, LLC, constitute the entire agreement of the parties hereto and that all prior and contemporaneous discussions between and among the parties are merged herein, Plaintiff understands and acknowledges that he/she may be required to enter into additional agreements in furtherance of Plaintiff's obligations pursuant to this Agreement.

### iii.        **Irrevocable Direction to Pay**

22. The Irrevocable Assignment stated the following:

> a.  I hereby authorize and direct you, as my attorney, Jill Fisher, Esq., its Successors and/or Assigns and any subsequently engaged attorney, whether in addition to or in substitution for and whether or not notice thereof was given by PSF, to pay directly to PSF sum due and owing for the purchase of proceeds from me and for which I have granted this lien in the sum of $29,000.00 (the "Payment") plus any greater sum as may be due and owing pursuant to paragraphs 3 and 4 of the Disclosure State and Exhibit A of the Plaintiff's Agreement. The Payment amount shall be and is an Irrevocable Lien on the proceeds of my Action until it is repaid.

### iv. Attorneys Fees and Costs in the Event of a Dispute

23. Pursuant to ¶ 9©, of the Plaintiff's Agreement, Plaintiff agreed that, in the event that a court determined that Plaintiff or PSF has breached the Agreement, then the prevailing party shall be entitled to recover reasonable costs and attorney fees, in addition to any other damages.

### v. CHOICE OF FORUM

24. Paragraph 9(b), of the PLAINTIFF'S AGREEMENT states that

> Plaintiff acknowledges and agrees that any and all disputes that arise concerning the terms, conditions, interpretation or enforcement of this agreement shall be determined in a Court of competent jurisdiction in New York, at the election of PSF. Plaintiff agrees that the laws of the State of New York shall control the interpretation of this Agreement.

### vi. Attorney Acknowledgement

25. Pursuant to the terms of the Attorney Acknowledgement, Z&F agreed to pay PSF pursuant to the terms of the Contract and prior to paying Theresa.

### Vii Notice of Change of Attorney

26. Pursuant to ¶6(a), Covenants of Plaintiff, in the event that Theresa changes attorneys, Theresa was required to notify PSF within 48 hours of the change and provide PSF with the new attorney's information.

### viii.    Payment to Theresa

27. Pursuant to the term of the Contract, on September 28, 2010, PSF wired to Trimark Legal Funding the sum of $3,750.00 for an origination fee and wired to Theresa, the sum of TWENTY FIVE THOUSAND DOLLARS ($25,000.00).PSF also took a processing fee of $250.00.

### D. CHANGE OF ATTORNEY

28. On or about May 13, 2014, PSF was notified that Theresa had a new attorney handling her case, Patricia Barasch, Esq., ("Barasch") from the law firm of Schall & Barasch, LLC ("S&B").

29. On May 13, 2014, PSF sent a letter, via facsimile and certified mail, to Barasch and S&B, notifying them of PSF's interest in the Case.

### E. SETTLEMENT OF THE CASE

30. On June 12, 2014, Barasch and S&B filed a Notice of Motion for an award of attorney's fees and costs from the Settlement Amount.

31. According to the Certification of Barasch, the Case settled on March 7, 2014.

32. On June 24, 2014, Theresa and Scott filed a Motion to Supplement the Motion for Attorneys Fees and Costs and Theresa submitted a certification in support of that motion.

33. According to the Certification of Theresa, Theresa notified the Court that PSF had a claim to the proceeds of the Case and that when the Court disbursed the proceeds, PSF should be paid $100,057.52. This was not the correct amount that was due pursuant to the Contract. The actual amount was significantly higher.

34. Attached to Theresa's motion papers, was an email from Barasch to Theresa and Scott, which stated that "Theresa, Attached please find correspondence from PS Finance. It would appear that they have a valid lien on the settlement proceeds in your case, and therefore, I will need to disburse $100,057.52 to them from the settlement proceeds once they are received. Please let me know if you have any questions or concerns."

35. On June 26, 2014, Francis X. Dee, Esq., ("Dee") from McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys for Ethicon, Inc., submitted a letter to the Honorable Peter G. Sheridan, USDJ, stating that Defendant Ethicon did not take a position on the application for attorneys fees.

36. In that letter, Mr. Dee pointed out that because Theresa had appealed a June 2, 2014 Order, the settlement funds from the Case had to be paid into court.

37. On October 6, 2014 the United States Court of Appeals for the Third Circuit filed their opinion denying the Petition for Writ of Mandamus filed by Theresa and Scott.

38. On August 11, 2015, Barasch filed a Notice of Withdrawal of Appearance by Counsel.

39. On September 9, 2015, the Honorable Peter G. Sheridan, USDJ signed the Order Regarding Settlement Monies Deposited with the Court.

40. Pursuant to the 9/9/2015 Order, the Court directed that S&B receive attorneys' fees and costs in the amount of $14,894.14.

41. The 9/9/2015 Order also directed that the Clerk distribute to Theresa the remainder of

the settlement amount.

42. Unfortunately, the 9/9/2015 Order failed to address PSF's claim to the proceeds. Therefore, as a result, Theresa received PSF's portion of the recovery but the

43. Theresa and Barasch acknowledged that PSF had a valid claim to the proceeds and that PSF should be paid from the settlement.

## F. COMMUNICATIONS WITH SCOTT

44. Based upon information and belief, from the time that PSF provided the funding to Theresa, Scott would communicate with PSF, via email and/or telephone, in New York on a semi-regular basis, i.e., every 6 months, in order to give PSF an update on the Case and to speak to one or more of the principals of PSF.

45. In or about October 2014, PSF was interested on obtaining an update on the Case. On October 8, 2014, PSF sent an email to Barasch requesting the status of the Case.

46. On October 17, 2014, Barasch sent an email to Anna stating that "I am no longer involved, but it is my understanding that Ms. Ellis has appealed."

47. On October 22, 2014, Anna sent an email to Scott requesting an update on the case and on the same date, Scott wrote back to Anna, providing to PSF copies of various documents on the court's docket regarding the Case.

48. On February 2, 2015, Anna wrote to Scott asking for an update and on the same date, Scott wrote back stating that Theresa and Scott were pursuing their appeal.

49. On July 30, 2015, Anna requested that Scott provide another update, and on August 14, 2015, Scott advised Anna that the case is still in court.

50. On December 22, 2015, Anna wrote to Scott requesting an update and on the same date, Scott wrote back stating that he didn't "feel comfortable [speaking with you]

given the circumstances of the case...."

51. In the December 22, 2015 email, Scott also stated that PSF should be contacted because Ms. Barasch "became legally responsible for addressing the issues of Theresa's relationship with PSF".

52. On December 22, 2015, Anna sent an email to Ms. Barasch advising Ms. Barasch that PSF was aware that the settlement proceeds from the Case were disbursed and requesting a response.

53. On December 22, 2015, Ms. Barasch advised PSF that the Court ordered that the settlement money be distributed directly to Ms. Ellis and that the settlement proceeds never were in Ms. Barasch's possession.

54. On December 23, 2015, Anna sent an email to Scott providing him with a copy of Ms. Barasch's email, advising Scott that the funds were disbursed to Theresa and advising Theresa and Scott to forward the appropriate funds to PSF.

55. On December 24, 2015, PSF sent a certified letter to Theresa demanding that she pay PSF the current amount due of $262,168.42. (the "Current Amount Due")

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT – DEFENDANT THERESA ELLIS

56. Plaintiff repeats and realleges the allegations in ¶¶ 1-55 as if fully set forth herein.

57. Pursuant to the Contract, Theresa assigned to PSF a portion of the settlement proceeds from the Case.

58. Pursuant to the Contract, Theresa directed that PSF should be paid prior to Theresa receiving any of the settlement proceeds from the Case.

59. Based upon information and belief, in or about March 2014, Theresa and S&B settled

the Case.

60. Based upon information and belief, the settlement money from the Case was deposited into court by the Defendant in the Case.

61. Based upon information and belief, in or about September 2015, the Court in the Case directed the S&B receive attorneys' fees and expenses in the amount of $14,894.14 and that the balance of the settlement proceeds be disbursed to Theresa.

62. Based upon information and belief, Theresa received the settlement proceeds from the Case.

63. Based upon information and belief, Theresa knew that a portion of the settlement proceeds were owned by PSF.

64. Based upon information and belief, the current amount due PSF is $262,168.42.

65. Based upon information and belief, PSF has demanded payment of the amount currently due.

66. Based upon information and belief, Theresa has failed and refused to pay PSF the amount currently due pursuant to the Contract.

67. Theresa is in breach of the terms of the Contracts between PSF and Theresa.

68. PSF has suffered damages as a result of the actions of Theresa.

69. Pursuant to the terms of the Contract the amount that is currently due is $262,168.42.

70. Pursuant to Paragraph 6.4 of the Contract, in the event that PSF incurs costs to collect the amount due PSF, PSF is entitled to reasonable attorneys fees and costs.

## SECOND CAUSE OF ACTION
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
## DEFENDANT THERESA ELLIS

71. Plaintiff repeats and realleges the allegations in ¶¶ 1-70 as if fully set forth herein.

72. Implicit in each and every Contract, is an obligation on the part of the parties to the Contract to perform their duties and obligations on a good faith basis and to deal fairly with the other party.

73. When Theresa entered into the Contract with PSF, Theresa knew that she irrevocably assigned to PSF a portion of the settlement proceeds.

74. Despite having irrevocably assigned a portion of the proceeds to PSF, Theresa accepted the settlement proceeds from the Case but did not pay PSF.

75. Based upon information and belief, Theresa's actions constitute a breach of the covenant of good faith and fair dealing.

76. As a result of the actions of Theresa Ellis, PSF has been damaged in the amount of $262,168.42 plus attorneys fees and costs.

### THIRD CAUSE OF ACTION
### CONVERSION – DEFENDANTS THERESA ELLIS AND SCOTT ZUKOWSKI

77. Plaintiff repeats and realleges the allegations in paragraphs ¶¶1-726as if fully set forth herein.

78. Based upon information and belief, in or about March 2014, the Case was settled.

79. Based upon information and belief, in or about June 2014, the Defendant in the Case paid into Court, the settlement proceeds from the Case.

80. Based upon information and belief, in or about September 2015, the Court disbursed the settlement proceeds to Theresa.

81. Based upon information and belief, Theresa and Scott received the settlement proceeds from the Case.

82. Based upon information and belief, Theresa and Scott used the proceeds from the Case for their own purposes.

83. Based upon information and belief, Theresa and Scott knew that a portion of the settlement proceeds were owned by PSF.

84. PSF has demanded that Theresa and Scott return PSF's property to PSF.

85. Theresa and Scott have failed and refused to return PSF's property.

86. Pursuant to the Contract, the current value of PSF's property is $262,168.42.

87. Despite the terms of the Contract, PSF was not paid from the proceeds of the Case and Theresa and Scott have improperly converted PSF's property to their own purposes.

88. As a result of Theresa and Scott accepting these funds and using them for their own purposes, Theresa and Scott have converted PSF's property for their own use and PSF has suffered damages.

89. Based upon information and belief, pursuant to the terms of the Contract, the converted amount is $262,168.42.

90. Pursuant to the terms of the Contract, in the event that PSF must retain an attorney to collect the sums due PSF, PSF is entitled to recover a reasonable attorney fee.

### FOURTH CAUSE OF ACTION
### UNJUST ENRICHMENT – DEFENDANTS THERESA ELLIS AND SCOTT ZUKOWSKI

91. Plaintiff repeats and realleges the allegations in ¶¶1-90 as if fully set forth herein.

92. Based upon information and belief, when the Case settled, Theresa and Scott received all of the net proceeds from the Case.

93. Based upon information and believe, when the Case settled, Theresa and Scott knew that PSF was required to be paid pursuant to the Contract.

94. Based upon information and belief, Theresa and Scott knew that the money they received from the Case was owned by PSF and that they were not entitled to that

money.

95. Based upon information and belief, Theresa and Scott were unjustly enriched by receiving the money that was due PSF.

96. Based upon information and belief, Theresa and Scott were unjustly enriched in the amount of $262,168.42.

## FIFTH CAUSE OF ACTION

### AIDING AND ABETTING CONVERSION – DEFENDANT SCOTT ZUKOWSKI

97. Plaintiff repeats and realleges the allegations in paragraphs 1-96 as if fully set forth herein.

98. Based upon information and belief, at the time that Theresa received the settlement money from the Case, Scott was the husband of Theresa.

99. Based upon information and belief, when Theresa received the settlement proceeds from the Case, Scott was in control of Theresa's finances.

100.    Based upon information and belief, when Theresa received the settlement money, Scott aided and abetted Theresa in converting the settlement proceeds to Theresa's use, to the detriment of PSF.

101.    Based upon information and belief, prior to Theresa receiving the settlement proceeds from the Case, Scott was aware of the PSF Contract and that a portion of those proceeds were assigned to PSF and owned by PSF.

102.    Based upon information and belief, subsequent to Theresa receiving the settlement proceeds from the Case, Scott knew that all, or a portion, of the proceeds from the Case, belonged to PSF.

103.    Based upon information and belief, despite knowing that all or a portion of the

proceeds from the Case belonged to PSF, Scott assisted Theresa in using the settlement proceeds for her own purposes, to the detriment of PSF

104.    Based upon information and belief, Scott aided and abetted in Theresa's conversion of PSF's property.

105.    Plaintiff has demanded payment from Theresa and Scott but they have failed and refused to pay PSF and as a result of the actions of Scott, PSF has suffered damages.

## SIXTH CAUSE OF ACTION

## TORTIOUS INTERFERENCE WITH A CONTRACT – DEFENDANT SCOTT ZUKOWSKI

106.    Plaintiff repeats and realleges the allegations in paragraphs 1-105 as if fully set forth herein.

107.    Based upon information and belief, prior to Theresa receiving the settlement proceeds from the Case, Scott knew about the Contract between PSF and Theresa and that Theresa had assigned to PSF a portion of the potential proceeds of the Case.

108.    Based upon information and belief, subsequent to settling the Case, Scott knew that all, or a portion, of the proceeds from the Case, belonged to PSF.

109.    In an email dated December 22, 2015, Scott advised PSF that he had "guardianship" over Theresa.

110.    Based upon information and belief, Scott had control over the finances of Theresa.

111.    Based upon information and belief, despite the fact that Scott knew that all or a portion of the proceeds from the Case belonged to PSF, Scott stated that Theresa was not responsible to PSF, rather, Scott stated that S&B and Barasch were obligated to pay PSF.

112.    Based upon information and belief, Scott knew that Theresa was obligated to pay

PSF but intentionally prevented Theresa from paying PSF.

113.    Based upon information and belief, Scott knew that by preventing Theresa from paying PSF, he was depriving PSF of the benefits of the Contract between PSF and Theresa.

114.    Based upon information and belief, Scottt has tortiously interfered with PSF's contractual rights with Theresa

115.    Plaintiff has demanded payment from Scott but he has failed and refused to pay PSF and as a result, PSF has suffered damages.

**IV.RELIEF**

WHEREFORE, PSF demands judgment against Scott Zukowski for Tortious Interference with a Contract, in the amount of $262,168.42 plus attorneys fees, costs and interests.

## V. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: Emerson, New Jersey
         April 11, 2018

By: _____

Raul J. Sloezen, Esq.
Bar Number: #007931991
LAW OFFICES OF RAUL J. SLOEZEN, ESQ.
Attorney for Plaintiff,
Pre-Settlement Funding, LLC
18 Hasbrouck Avenue
Emerson, New Jersey 07630
Phone: (973) 928-6821
Facsimile: (201) 606-8203
e-mail: rjsloezen@gmail.com