**EXHIBIT 1**

### PLAINTIFF'S AGREEMENT TO PAY PROCEEDS CONTINGENT ON SUCCESSFUL SETTLEMENT, JUDGMENT OR VERDICT AND RECEIPT OF PROCEEDS: AGREEMENT TO ASSIGN PROCEEDS
(Hereinafter referred to as "Plaintiff's Agreement")

THIS AGREEMENT is made and entered into this date, September 23, 2010 by and between Pre-Settlement Finance, LLC, a New York limited liability company ("PSF") and its successors and/or assigns, with address at 183 New Dorp Lane, Staten Island, New York, and Theresa Ellis ("Plaintiff") and (his or her) successors and/or assigns, residing at 51 N First Street, Bangor, PA 18013.

BASED UPON THE REPRESENTATIONS, AGREEMENTS AND TERMS CONTAINED IN THIS AGREEMENT, PSF AGREES TO ADVANCE TO PLAINTIFF THE SUM OF $25,000.00 PLUS FEES AS SET FORTH HEREIN.



### DISCLOSURE STATEMENT

1. Amount to be advanced to consumer under this contract: $25,000.00

2. Itemized fees:
   Processing fee        $   250.00
   Origination fee       $3,750.00
   Total fees            $ 4,000.00
   TOTAL ADVANCE:        $29,000.00

3. ANNUAL PERCENTAGE FEE (RATE OF RETURN) ON TOTAL ADVANCE, COMPOUNDED MONTHLY: 3.5% MONTHLY OR 51.1% ANNUALLY

4. TOTAL AMOUNT TO BE REPAID BY CONSUMER (See Exhibit A):

   | | |
   |---|---|
   | If at 6 months:  | $ 35,648.40 |
   | If at 12 months: | $ 43,820.99 |
   | If at 18 months: | $ 53,867.19 |
   | If at 24 months: | $ 66,216.53 |
   | If at 30 months: | $ 81,397.02 |
   | If at 36 months: | $100,057.72 |

-1-

*[initials]*
Plaintiff's Initials
Ellis, Theresa

## WITNESSETH:

A. Plaintiff has commenced an action known as Index Number, 05-726 (hereafter "Litigation" and/or "Action") due to damages suffered in her wrongful termination from her employment on or about October 22, 2001.

B. Due to said Employment Discrimination matter, Plaintiff does not have sufficient funds to pay for economic necessities or medical care and requires an advance of funds.

C. The defendant(s) in Plaintiff's action has (have) failed to offer to Plaintiff an amount that Plaintiff considers fair and adequate, and that it will take an undetermined amount of time to obtain a recovery that Plaintiff(s) feel(s) is adequate to compensate Plaintiff(s).

D. Plaintiff desires to obtain funding from PSF to pay for economic necessities or medical care and PSF wishes to make an investment and purchase a portion of the potential Proceeds in the Plaintiff's Action, according to the terms of this Agreement.

NOW, THEREFORE, in consideration of the mutual promises the parties agree as follows:

1. **Representations and Warranties of Plaintiff**

Plaintiff represents and warrants unto PSF that as of the date of this Agreement that:

(a) The "Litigation" and/or "Plaintiff's Action" referred to herein shall be the case of ELLIS v. ETHICON, INC., ET AL., assigned Index No.: 05-726 by the United States District Court of New Jersey for her wrongful termination from her employment on or about October 22, 2001 and any other related actions or claims.

(b) Plaintiff believes the Litigation to be meritorious and filed in good faith and shall take all steps necessary to complete the Litigation, including, but not limited to performing all discovery demands and testifying at trial, if necessary.

(c) Plaintiff has complete rights, title and interest in and to the Litigation and full power and authority to make and execute this Agreement.

(d) Plaintiff has not and will not assign or encumber the Proceeds from the Litigation, except as otherwise provided herein.

(e) That Plaintiff grants PSF the exclusive right of "first refusal" for any additional funding that Plaintiff may wish to obtain regarding the litigation. Notwithstanding the foregoing, Plaintiff agrees not to accept any additional funding or loans against the proceeds of this case from any company or individual other than PSF.

(f) Plaintiff understands that PSF is making this advance based upon Plaintiff's representation that, in the event that Plaintiff assigns a portion of the proceeds of the Litigation to another individual, company and/or entity, without PSF's written consent, PSF's lien shall be paid in full prior to payment of any liens that are granted after PSF's lien and that Plaintiff shall not request PSF to reduce its lien because of the subsequent liens. Plaintiff further represents that Plaintiff

-2-

_____
Plaintiff's Initials
Ellis, Theresa

shall disclose the existence of PSF's lien to anyone who may seek to have an interest in the proceeds of the Litigation.

(g) Plaintiff is not NOW THE SUBJECT of bankruptcy proceedings. Plaintiff does not intend to file for bankruptcy at any time in the FORESEEABLE future and there are no lawsuits or other efforts by any of your creditors to put plaintiff in bankruptcy. In the event Plaintiff commences, or has commenced against him/her, any case, or other proceeding, pursuant to any bankruptcy, insolvency, of similar law prior to my receipt of the full amount due PSF pursuant to this Agreement, Plaintiff shall cause the said amount due PSF to be described as a partial ownership of Plaintiff's asset (potential proceeds from the Litigation) in any oral or written communications, including but not limited to, any schedule or other document, made or filed in connection with any such case or proceeding. In no event shall Plaintiff permit the amount due PSF to be described as a debt or obligation to PSF in any such communication, document or filing.

(h) There are no other assigns, liens, encumbrances or security interest of any kind or nature in or relating to the Proceeds, with the exception of Attorney Fees and Case Preparation Cost or Liens noted on Exhibit B. **PLAINTIFF REPRESENTS THAT ATTORNEY'S FEES AND CASE PREPARATION COSTS SHALL BE PAID PRIOR TO REPAYMENT OF PSF'S LIEN.**

2. Contingent Nature of Repayment of Purchase of Proceeds.

Plaintiff understands that PSF is ADVANCING THE SUM OF $25,000.00 PLUS FEES TO PLAINTIFF as described on page one of the Disclosure Statement. In accordance with this Agreement, Plaintiff shall repay PSF from the proceeds of the settlement, judgment and/or verdict in his/her case. PSF is to be paid only if such proceeds are received through settlement, judgment or verdict.

3. Agreement for Payment of Proceeds Contingent on Successful Settlement, Judgment or Verdict and Receipt of Proceeds/Assignment of Proceeds.

(a) In consideration of PSF agreeing to purchase proceeds prior to settlement, judgment or verdict of Plaintiff's action, Plaintiff instructs (his or her) counsel to pay PSF in accordance with the Disclosure Statement on Page 1 of the Plaintiff's Agreement. Plaintiff's attorney shall contact PSF prior to disbursing the Funds for a confirmation of the total amount due PSF. Such amount shall be paid, upon settlement, judgment or verdict of the action and the receipt of proceeds there from. This payment shall be and is by this Agreement an Assignment of Proceeds of Plaintiff's settlement, judgment or verdict proceeds.

(b) Notwithstanding the foregoing, in the event there is no recovery from settlement, judgment or verdict in the Action, Plaintiff will owe no money to PSF and Plaintiff shall have no liability whatsoever to PSF.

(c) PSF agrees to invest in Plaintiff's lawsuit(s), claim(s) or case(s) and pay TO PLAINTIFF the sum of $25,000.00 plus fees as described on page one of the Disclosure Statement on the basis of execution of this Agreement, PLAINTIFF'S

-3-

J.E.
Plaintiff's Initials
Ellis; Theresa

AGREEMENT TO PAY PROCEEDS CONTINGENT ON SUCCESSFUL SETTLEMENT, JUDGMENT OR VERDICT AND RECEIPT OF PROCEEDS: AGREEMENT TO ASSIGN PROCEEDS; PLAINTIFF'S IRREVOCABLE GRANT OF LIEN, ASSIGNMENT OF PROCEEDS AND LIEN PAYMENT INSTRUCTIONS; and ATTORNEY ACKNOWLEDGMENT OF EXPLANATION OF TERMS TO PLAINTIFF, OF IRREVOCABLE LIEN AND ASSIGNMENT TO PRE-SETTLEMENT FINANCE, LLC (collectively, the "Agreements") all of which are incorporated herein by this reference and made part hereof, as the price for the purchase of the proceeds from the Plaintiff.

(d) Plaintiff and PSF agree and understand that a recovery is considered contingent and not definite, and there are no guarantees from anyone, including the Plaintiff's attorney, that the Action will be successfully settled or that there will be successful settlement, judgment or verdict.

4. <u>Order and Priority of Payment of Proceeds/Lien</u>

(a) Plaintiff acknowledges that the only existing liens against proceeds of Plaintiff's action are those set forth on Exhibit B. In the event of a settlement, judgment or verdict, Plaintiff and PSF agree that **Attorney Fees, Case Preparation Costs and Liens set forth in Exhibit B shall be paid prior to any other liens.** Plaintiff agrees that Plaintiff will grant no further liens, except those that are mandated by law and/or which PSF has given prior written consent. Plaintiff agrees that PSF's Irrevocable Lien shall be paid in full before Plaintiff received money from the Litigation.

(b) Plaintiff agrees and instructs (his or her) attorney to make payment to **Pre-Settlement Finance, LLC upon receipt of settlement in accordance with Plaintiff's Agreement page one, paragraphs 3 and 4 and Exhibit A.** This is to be paid immediately after payment of Attorney's Fees and Case Preparation cost and prior to final distribution to Plaintiff of any settlement, judgment or verdict proceeds. Plaintiff hereby waives any defenses to payment of this amount, and hereby agrees not to seek to avoid payment of this Agreement or to reduce the amount due PSF.

5. <u>Further Representations of Plaintiff</u>

(a) Plaintiff acknowledges that PSF and Plaintiff's attorney have explained to Plaintiff the terms of the investment in the purchase of the proceeds and the amount that shall be repaid at the time proceeds are received from Plaintiff's Action and that all questions regarding this Agreement have been explained by PSF and (his or her) legal counsel to the Plaintiff's satisfaction.

(b) Plaintiff acknowledges that (he or she) fully understands the terms of this Agreement and entered into this Agreement of (his or her) own free will.

(c) Plaintiff acknowledges that (he or she) intends this Agreement to be fully valid and binding as to and upon all heirs, trustees, executors, or any other successor-in-interest who may obtain or assert control over the lawsuit by reason of his/her death, disability or decline in health, such that someone other than Plaintiff

-4-

*[signature]*
Plaintiff's Initials
Ellis, Theresa

becomes entitled to make decisions concerning the disposition of the lawsuit, or any of the proceeds thereof.

6. <u>Covenants of Plaintiff</u>

The Plaintiff agrees and covenants with PSF that:

(a) If Plaintiff changes attorneys, Plaintiff will notify PSF within 48 hours of the change, and provide PSF with the name, address and phone number of Plaintiff's new attorney.

(b) Plaintiff irrevocably directs his/her attorney, and any future attorney representing him/her in the lawsuit, to honor this lien and, if applicable, assignment of the proceeds of the lawsuit.

(c) At any time and from time to time, Plaintiff and/or his attorney, upon request of PSF shall provide periodic status updates to PSF, as is reasonably necessary to advise PSF of its continued interests hereunder.

7. <u>Events of Default and/or Fraud</u>

(a) Plaintiff or PSF shall be in default under this Agreement if that party fails timely to observe or perform any covenants, conditions or agreements required to be observed or performed by either party under this Agreement, or if either party defaults upon a material promise in the obligation. In the event either party defaults under this Agreement, as described herein, either party shall be entitled to equitable relief as may be appropriate, including an order for specific performance in the venue set forth in this Agreement. Both parties further waive all questions of personal jurisdiction or venue for purposes of enforcing this Agreement. In the event that Plaintiff intentionally and/or negligently defaults in the performance of any obligation required to protect and preserve the Litigation, PSF shall be entitled to the amount set forth in the Disclosure Statement, plus reasonable attorney fees, interest and costs. In the event that PSF defaults in the performance of this Agreement, PSF shall be liable to Plaintiff for damages as determined by the court, reasonable attorney fees, interest and costs.

(b) In the event that a court of competent jurisdiction determines that Plaintiff fraudulently induced PSF to enter into this Agreement, PSF shall be entitled to the amount due as set forth in the Disclosure Statement, plus reasonable attorneys fees, interests and costs. In the event that PSF is determined to have fraudulently induced Plaintiff to enter into this Agreement, Plaintiff shall be entitled to damages as determined by the court, plus reasonable attorneys fees, interests and costs.

8. <u>Notices</u>

Any notice required by this Agreement or given in connection with it, shall be in writing and shall be given to appropriate party by personal delivery or by certified mail; postage prepaid or recognized overnight delivery services. Plaintiff agrees to notify PSF within five (5) days of any change of residential address.

-5-

_____
Plaintiff's Initials
Ellis, Theresa

9. Choice of Forum and Law in the Event of a Dispute(s); ATTORNEYS FEES AND COSTS.

   (a) In the event of any dispute hereunder, Plaintiff agrees that Plaintiff's attorney shall not disburse any proceeds to Plaintiff prior to settlement or resolution of the dispute, and that all proceeds from the Litigation shall remain in the Plaintiff's attorney's escrow account **except that Attorney may disburse Attorney Fees and case preparation costs to Attorney upon written notice to PSF of the amount to be disbursed to Attorney.**

   (b) Plaintiff acknowledges and agrees that any and all disputes that arise concerning the terms, conditions, interpretation or enforcement of this agreement shall be determined in a **Court of competent jurisdiction in New York**, at the election of PSF. Plaintiff agrees that the laws of the State of New York shall control the interpretation of this Agreement.

   (c) It is also understood, acknowledged and agreed that, in the event that a court determines that Plaintiff or PSF has breached this Agreement, then the prevailing party shall be entitled to recover reasonable costs and attorney fees, in addition to any other damages.

10. Arbitration Clause

   This agreement will be construed in accordance with the law of the State of New York. Any controversy or claim arising out of or relating to this contract, including without limitation the interpretation, validity, enforceability or breach thereof, shall be settled by final, binding arbitration administered by the American Arbitration Association in accordance with its commercial Arbitration Rules, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The arbitrator shall be a practicing attorney or a retired judge licensed to practice in the state of New York. The place of arbitration shall be Richmond County, New York. The arbitrator shall award to the prevailing party, if any, as determined by the arbitrator, including the arbitrator's fees, administrative fees, travel expenses, out-of-pocket expenses such as copying and telephone, court costs, witness fees and attorneys' fees. The award shall be in writing, shall be signed by the arbitrator and shall include a statement regarding the reasons for the disposition of any claim.

11. Validity

   Should any provision of paragraphs in this Agreement be deemed unenforceable or invalid, such unenforceability or invalidity shall not affect the validity or enforceability of the balance of the terms and conditions of this Agreement.

-6-

*T.E.*
Plaintiff's Initials
Ellis, Theresa

### 12. Confidentiality

PSF agrees that all information and materials received are confidential and will not be shared with any party other than the Plaintiff or his or her attorney.

### 13. Headings

Headings used in this Agreement are provided for convenience only and shall not be used to construe meaning or intent.

### 14. Merger/Entire Agreement

The Parties hereto agree that this Agreement, PLAINTIFF'S AGREEMENT TO PAY PROCEEDS CONTINGENT ON SUCCESSFUL SETTLEMENT, JUDGMENT OR VERDICT AND RECEIPT OF PROCEEDS: AGREEMENT TO ASSIGN PROCEEDS; PLAINTIFF'S IRREVOCABLE GRANT OF LIEN, ASSIGNMENT OF PROCEEDS AND LIEN PAYMENT INSTRUCTIONS; and ATTORNEY ACKNOWLEDGMENT OF EXPLANATION OF TERMS TO PLAINTIFF, OF IRREVOCABLE LIEN AND ASSIGNMENT TO PRE-SETTLEMENT FINANCE, LLC constitute the entire agreement of the parties hereto and that all prior and contemporaneous discussions between and among the parties are merged herein. Plaintiff understands and acknowledges that he/she may be required to enter into additional agreements in furtherance of Plaintiff's obligations pursuant to this Agreement.

### 15. RIGHT TO CANCEL THE CONTRACT.

YOU MAY CANCEL THIS CONTRACT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE (5) BUSINESS DAYS FROM THE DATE YOU RECEIVE FUNDS FROM PRE-SETTLEMENT FINANCE, LLC ("PSF"). ANY AND ALL NOTICE OF CANCELLATION SHALL BE MADE TO PSF AT 183 NEW DORP LANE, STATEN ISLAND, NEW YORK 10306.

IN ORDER FOR THE CANCELLATION TO BE EFFECTIVE, PLAINTIFF MUST EITHER (i) RETURN THE FULL AMOUNT OF DISBURSED FUNDS TO PSF BY DELIVERING PSF'S UNCASHED CHECK TO PSF'S OFFICES IN PERSON, WITHIN 5 BUSINESS DAYS OF THE DISBURSEMENT OF FUNDS, OR (ii) MAIL A NOTICE OF CANCELLATION AND INCLUDE IN THAT MAILING A RETURN OF THE FULL AMOUNT OF DISBURSED FUNDS (IN THE FORM OF PSF'S CHECK OR A REGISTERED OR CERTIFIED CHECK OR MONEY ORDER), BY INSURED REGISTERED OR CERTIFIED UNITED STATES MAIL, POSTMARKED WITHIN FIVE (5) BUSINESS DAYS OF RECEIVING FUNDS FROM PSF, AT THE ADDRESS SET FORTH IN PARAGRAPH 15.

-7-

_____
Plaintiff's Initials
Ellis, Theresa

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACE. BEFORE YOU SIGN THIS CONTRACT YOU SHOULD OBTAIN THE ADVICE OF YOUR ATTORNEY. YOU ARE ENTITLED TO A COMPLETED FILLED IN COPY OF THIS CONTRACT.**

IN WITNESS WHEREOF, the parties have affixed their signatures on the date first hereinabove written.

_____Theresa M. Ellis_____          _____N/A_____
Plaintiff                                Plaintiff

State of ___PA___         )
                          ) ss.
County of ___Northampton___ )

On this _27_ day of _Sept_____, 200_0_ before me personally appeared _THESSA ELLIS_ to me known to be the person described in and who executed the foregoing instrument and acknowledged that _THERESA ELLIS_ executed the same as his free act and deed.

Notary Public _[signature]_

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Barbara L. Smith, Notary Public
Bangor Boro, Northampton County
My Commission Expires April 18, 2013
Member, Pennsylvania Association of Notaries

_____Carmine DeSantis_____
Pre-Settlement Finance, LLC

-8-

_J.E._
Plaintiff's Initials
Ellis, Theresa

PLAINTIFF'S EXHIBIT B

**NAME AND ADDRESS OF LAW FIRM
WITH LIEN ON CASE**

ZARWIN BAUM DEVITO KAPLAN SCHAER & TODDY P.C.
1818 MARKET STREET, 13TH FLOOR
PHILADELPHIA, PA 19103

**OTHER PRIOR LIENS
AS OF THE DATE OF THIS AGREEMENT**

ZUCKERMAN & FISHER, LLC
5 MAPLETON ROAD
PRINCETON, NJ 08540
$378,785.35

* POSSIBLE SOCIAL SECURITY DISABILITY INSURANCE LEIN
* POSSIBLE HARTFORD INSURANCE CO. (LTD) LIEN
* POSSIBLE BLUE CROSS/BLUE SHIELD LIEN
             * UNKNOWN AMOUNT

_J.E._
Plaintiff's Initials
Ellis, Theresa

CLIENT NAME: Theresa Ellis

**EXHIBIT "A"**

| | | |
|---|---|---|
| Amount to Plaintiff (09/22/10) | | 25,000.00 |
| Processing Fee | | 250.00 |
| Origination Fee (if applicable) | | 3,750.00 |
| Total Amount Advanced | | 29,000.00 |
| Usage Fee (per month) | | 3.50% |

| | | Total Assigned Share of Proceeds (1) | |
|---|---|---|---|
| | 09/23/10 | 29,000.00 | |
| on or before | 10/23/10 | 30,015.00 | |
| on or before | 11/23/10 | 31,065.53 | |
| on or before | 12/23/10 | 32,152.82 | |
| on or before | 01/23/11 | 33,278.17 | |
| on or before | 02/23/11 | 34,442.90 | |
| on or before | 03/23/11 | 35,648.40 | At 6 months |
| on or before | 04/23/11 | 36,896.10 | |
| on or before | 05/23/11 | 38,187.46 | |
| on or before | 06/23/11 | 39,524.02 | |
| on or before | 07/23/11 | 40,907.36 | |
| on or before | 08/23/11 | 42,339.12 | |
| on or before | 09/23/11 | 43,820.99 | At 12 months |
| on or before | 10/23/11 | 45,354.73 | |
| on or before | 11/23/11 | 46,942.14 | |
| on or before | 12/23/11 | 48,585.12 | |
| on or before | 01/23/12 | 50,285.60 | |
| on or before | 02/23/12 | 52,045.59 | |
| on or before | 03/23/12 | 53,867.19 | At 18 months |
| on or before | 04/23/12 | 55,752.54 | |
| on or before | 05/23/12 | 57,703.88 | |
| on or before | 06/23/12 | 59,723.51 | |
| on or before | 07/23/12 | 61,813.84 | |
| on or before | 08/23/12 | 63,977.32 | |
| on or before | 09/23/12 | 66,216.53 | At 24 months |
| on or before | 10/23/12 | 68,534.10 | |
| on or before | 11/23/12 | 70,932.80 | |
| on or before | 12/23/12 | 73,415.45 | |
| on or before | 01/23/13 | 75,984.99 | |
| on or before | 02/23/13 | 78,644.46 | |

_J.S._
Plaintiff's Initials

| | | | |
|---|---|---|---|
| on or before | 03/23/13 | 81,397.02 | At 30 months |
| on or before | 04/23/13 | 84,245.91 | |
| on or before | 05/23/13 | 87,194.52 | |
| on or before | 06/23/13 | 90,246.33 | |
| on or before | 07/23/13 | 93,404.95 | |
| on or before | 08/23/13 | 96,674.12 | |
| on or before | 09/23/13 | 100,057.72 | At 36 months |

(1) Amount due to Pre-Settlement Finance LLC upon resolution of case.
(2) If the claim is not resolved by 09/23/13, the amount due from proceeds of the claim will continue to increase on the same terms reflected in the above chart.

**MY ATTORNEY WILL CONTACT PS FINANCE BEFORE ISSUING A CHECK FOR ACCURACY AND ANY ADDITIONAL DELIVERY CHARGES THAT MAY APPLY**

I have reviewed and understand the financial information presented above.

x _Therese M Ellis_
CLIENT'S SIGNATURE

11

12

## PLAINTIFF'S IRREVOCABLE GRANT OF LIEN, ASSIGNMENT OF PROCEEDS AND LIEN PAYMENT INSTRUCTIONS

1. This document is an Irrevocable Grant of Lien against the proceeds I may receive in connection with an action in which I am the Plaintiff and an Irrevocable assignment of my settlement, verdict and/or judgment proceeds in connection with the action entitled ELLIS v. ETHICON, INC., ET AL., assigned Index No.: 05-726 by the United States District Court of New Jersey for her wrongful termination from her employment on or about October 22, 2001 and any other related actions or claims. The amount of lien and proceeds I hereby assign is $29,000.00 plus any greater sum as may be due and owing pursuant to paragraphs 3 and 4 of the Disclosure Statement and Exhibit A of the Plaintiff's Agreement.

2. I acknowledge this lien and my irrevocable instructions here by signing below. I instruct my attorney to pay Pre-Settlement Finance, LLC (hereinafter "PSF") pursuant to the terms delineated specifically herein and in the "PLAINTIFF'S AGREEMENT" and the "ATTORNEY ACKNOWLEDGEMENT OF EXPLANATION OF TERMS TO PLAINTIFF, OF IRREVOCABLE LIEN AND ASSIGNMENT TO PRE-SETTLEMENT FINANCE, LLC", all of even date herewith (the "Agreements"). I acknowledge that the irrevocable nature of this grant of lien, assignment of proceeds and lien payment instructions has been coupled with a security interest in the nature of an advance of funds to me, which is also part of the consideration for this Agreement.

3. I hereby authorize and direct you, as my attorney, Jill Fisher, Esq., its Successors and/or Assigns and any subsequently engaged attorney, whether in addition to or in substitution for and whether or not notice thereof was given by PSF, to pay directly to PSF sums due and owing for the purchase of proceeds from me and for which I have granted this lien in the sum of $29,000.00 (the "Payment") plus any greater sum as may be due and owing pursuant to paragraphs 3 and 4 of the Disclosure Statement and Exhibit A of the Plaintiff's Agreement. The Payment amount shall be and is an Irrevocable Lien on the proceeds of my Action until it is repaid.

4. The Payment amount due PSF shall be withheld from any settlement(s), judgment(s), verdict(s) or award(s) I receive, if any, as a result of my injury and claim. The Payment is to be paid immediately after attorney's fees and case preparation cost, but prior to final distribution to me of any settlement, judgment or verdict proceeds in accordance with the Agreements.

5. This lien shall not be subordinated to any other liens of record with the exception of attorney's fees and case preparation cost or other liens as noted in Exhibit B of the Plaintiff's Agreement.

_J.E._
Plaintiff's Initials
Ellis, Theresa

- 1 -

13

6.  In the event of a dispute between PSF and the undersigned, I instruct my attorney to disburse no proceeds, except attorney's fees, disbursements and recognized liens, until the matter is resolved, and that all proceeds shall remain in my attorney's escrow account.

Dated: 4/27/2010

Agreed: _Theresa M. Ellis_          _N/A_
        Plaintiff                    Plaintiff

State of _PA_          )
                       ) ss.
County of _Northampton_ )

On this 27 day of Sept, 2010 before me personally appeared _Theresa Ellis_ to me known to be the person described in and who executed the foregoing instrument and acknowledged that _Theresa Ellis_ executed the same as his free act and deed.

Notary Public _[signature]_

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Barbara L. Smith, Notary Public
Bangor Boro, Northampton County
My Commission Expires April 18, 2013
Member, Pennsylvania Association of Notaries

_T.E._
Plaintiff's Initials
Ellis, Theresa

-2-

14

## ATTORNEY ACKNOWLEDGEMENT OF EXPLANATION OF TERMS TO PLAINTIFF, OF IRREVOCABLE LIEN AND ASSIGNMENT TO PRE-SETTLEMENT FINANCE, LLC

The undersigned attorney for Theresa Ellis (hereinafter "Plaintiff") and (his or her) successors and assigns, acknowledges receipt of the Plaintiff's Agreement and the Agreement to Assign Proceeds and the irrevocable Plaintiff's Lien. Attorney agrees to distribute any proceeds of the Litigation known as ELLIS v. ETHICON, INC., ET AL., assigned Index No.: 05-726 by the United States District Court of New Jersey her wrongful termination from her employment on or about October 22, 2001 and any other related actions or claims in accordance with the terms of all Agreements signed and notarized by the Plaintiff in favor of Pre-Settlement Finance, LLC (hereinafter "PSF"). That I have been instructed, by the Plaintiff, to provide sufficient monies or proceeds in the amount of lien in the sum of $29,000.00 (the "Payment") plus any greater sum as may be due and owing pursuant to paragraphs 3 and 4 of the Disclosure Statement and Exhibit A of the Plaintiff's Agreement, necessary to satisfy in full all the Agreements signed by the Plaintiff. This will be paid immediately after attorney fees and any liens defined in Exhibit B or which the Plaintiff is obligated under law to pay, prior to any final distribution to the Plaintiff or (his or her) successors and/or assigns.

This irrevocable lien shall not be subordinated to any other liens of record with the EXCEPTION of ATTORNEY FEES and CASE PREPARATION COST and other liens as noted in the Plaintiff's Exhibit B or which the Plaintiff is obligated under law to pay. ATTORNEY'S FEES AND PREPARTION COSTS SHALL BE PAID TO ATTORNEY PRIOR TO REPAYMENT OF PSF'S LIEN. The balance of the proceeds of the Litigation, IF ANY, shall not be paid to Plaintiff, unless and until Plaintiff's Irrevocable Lien to PSF is satisfied in full. Plaintiff's irrevocable lien to PSF shall be paid without consent from Plaintiff's successors, assigns and/or heirs. In the event of any settlement or structured settlement, no funds shall be distributed to the Plaintiff or (his or her) successors, until such time as the total amount due has been paid in full from the proceeds of the Litigation. I hereby consent and agree to fully execute this document to pay PRE-SETTLEMENT FINANCE, LLC all funds due them at the close of this case, before final distribution to the Plaintiff or (his or her) successors and/or assigns.

ATTORNEY ACKNOWLEDGES THAT I HAVE REVIEWED THE CONTRACT AND EXPLAINED TO PLAINTIFF THE TERMS CONTAINED THEREIN, INCLUDING, BUT NOT LIMITED TO, THE ANNUALIZED RATE OF RETURN SET FORTH IN THE DISCLOSURE STATEMENT ON PAGE 1 OF PLAINTIFF'S AGREEMENT.

_T.E._
Plaintiff's Initials
Ellis, Theresa

-1-

15

In the event that the Attorney ceases representation of the Plaintiff's case at any time, Attorney shall immediately give notice via certified mail return receipt requested to Pre-Settlement Finance, LLC at 183 New Dorp Lane, Staten Island, New York 10306.

By execution hereof, I am solely and only following the instructions of the Plaintiff. I have also explained to the Plaintiff that I am not endorsing or recommending the transaction described in the first paragraph of this agreement or otherwise rendering any legal opinion or legal advice in connection with this agreement. I make no statements, render no opinion and proffer no guarantee as it pertains to the possibility of recovery of some or any Proceeds as a result of the Litigation. By the execution hereof, I assume no duties or obligations to Pre-Settlement Finance, LLC other than the ministerial duties of disbursement and of furnishing requested information as specifically outlined herein.

Further, I expressly warrant and represent that the Plaintiff has not taken any previous fundings. If the plaintiff has taken a previous funding, I have listed the name of company below. (If none, please so state.)

Prior Funding: Yes ☐  No ☑

Name of Prior Funding Company: _____

ACKNOWLEDGED: _Jill Fisher_____  Date: 9/27/10
                Attorney for Plaintiff(s)

State of _Pennsylvania_  )
                         ) ss.
County of _Philadelphia_ )

On this _27th_ day of _September_ 2010 before me personally appeared (NAME OF ATTORNEY) _Jill Fisher_ to me known to be the person described in and who executed the foregoing instrument and acknowledged that _Jill Fisher_ executed the same as his free act and deed.

Notary Public _____

NOTARIAL SEAL
YOON C LEE
Notary Public
PHILADELPHIA CITY, PHILADELPHIA CNTY
My Commission Expires Jun 29, 2014

_T.E._
Plaintiff's Initials
Ellis, Theresa

-2-

16

# PS FINANCE
# FUNDING INSTRUCTIONS

Kindly indicate below the manner in which you wish to receive the funded amount pursuant to the terms of the executed Funding Agreement.

☐   Pick-up (Staten Island Only)       No Fee

☐   Check via Federal Express         $30.00 Fee
    (Fill out delivery instructions below)

    Name of Recipient _____

    Street Address (include apartment or floor number) _____

    City, State, Zip Code _____

☒   Wire Transfer                     $25.00 Fee
    (Fill out instructions below)

WIRE TRANSFER INSTRUCTIONS:
(Please note the following: The wire room closes at 2:00 pm eastern standard time. Properly executed documents must be received by PSF prior to this time for a wire to be sent to the bank the same day.) FIRST BANK ! MID-ATLANTIC CORPORATION CREDIT UNION ROUTING # 231387559

FORWARD TO To Name of Bank: NEPA [ NORTHEAST PENNSYLVANIA Community Credit Union

Bank's ABA Number: 231386221

Bank's Address: 935 CLAY AVE. STROUDSBURG PA, 18360

Name on Account: THERESA ELLIS

Address of Account Holder: 51 N. FIRST ST. BANGOR, PA 18013

Account Number: _____

Please note, by indicating delivery of funds by Federal Express or Wire Transfer, you are agreeing to the fees indicated above. Those fees will be charged to your file and collected at the resolution of the case.

I hereby authorize Pre-Settlement Finance to forward my advance as set forth above.

Sworn to before me this 27 day of September 2010

By: _Theresa M Ellis_       _____
   Theresa Ellis             Notary Public

Emergency contact phone number should there be a problem with the delivery of funds. REQUIRED INFORMATION!! Money will not be delivered without this number!!! Phone no:

570-982-1600

[Notary Seal: COMMONWEALTH OF PENNSYLVANIA, Notarial Seal, Barbara J. Smith, Notary Public, Bangor Boro, Northampton County, My Commission Expires April 18, 2013, Member, Pennsylvania Association of Notaries]

webACCESS  Page 1 of 2



Welcome
Announcements

**Wire Transfers**
Wire Entry
Approval
Status and Reports
Template Summary

**Account Transfers**
Status and Reports

**Administration**
Change Password

Help

Exit

# Wire Transfer Inquiry Detail

Wire Party Information | Other Information | Help

| | |
|---|---|
| Template ID/Type: WIRE APP/Semi-Repetitive | Payment Method: UNIV |
| Beneficiary Type: Customer | Credit Amount: 25,000.00 |
| Value Date: 09/28/2010 | |
| Release Date: 09/28/2010 | |

### Tracking Information

| | | | |
|---|---|---|---|
| Trace Number: | SIGNY-2710684 | Initiated By: | ELLYN |
| Approved By: | VERONICA | Date Approved: | 09/28/2010 15:57:03 EDT |
| Approved By: | | Date Approved: | |
| Status: | Confirmed | Date Entered: | 09/28/2010 15:53:35 EDT |
| Transaction Number: | | | |
| Remark 1: | Transfer Accepted by the Signature Bank wire system | | |
| Remark 2: | Transfer Accepted by Fed. Rel. | | |
| Date Confirmed: | 09/28/2010 16:16:53 EDT | | |

### Sender

| | | | |
|---|---|---|---|
| Account Name: | PS Finance LLC | | |
| Account Number: | | Currency: | United States Dollar |
| Bank Short Name: | SIGNY | | |

### Beneficiary

| | | | |
|---|---|---|---|
| Name: | Theresa Ellis | Address: | 51 N. First Street Bangor, PA |
| Account Number: | | Currency: | United States Dollar |

### Beneficiary Bank

| | | | |
|---|---|---|---|
| ID: | 231386221 | ID Type: | Fed ABA |
| Name: | NEPA Community FCU | Address: | 935 Clay Avenue |

### Originating Bank

| | | | |
|---|---|---|---|
| ID: | | ID Type: | |
| Name: | | Address: | |
| Account Number: | | | |

### Correspondent Bank

| | | | |
|---|---|---|---|
| ID: | 231387550 | ID Type: | Fed ABA |
| Name: | Mid-Atlantic Corporate FCU | Address: | Pennsylvania |
| Account Number: | | | |

### Intermediary Bank

| | | | |
|---|---|---|---|
| ID: | 231387550 | ID Type: | Fed ABA |
| Name: | Mid-Atlantic Corporate FCU | Address: | Pennsylvania |
| Account Number: | | | |

### Other Information

Advise Receiver By Cable: No
Charge Fee To Beneficiary: No

web.access.com/signat/cgi-bin/wiredet.cgi?TransferNo=2710684...   9/28/2010

webACCESS

Page 1 of 2



Welcome
Announcements

Wire Transfers
  Wire Entry
  Approval
  Status and
Reports
  Template Summary

Account Transfers
  Status and Reports

Administration
  Change Password

Help

Exit

# Wire Transfer Inquiry Detail

Wire Party Information | Other Information | Help

| | |
|---|---|
| Template ID/Type: WIRE APP/Semi-Repetitive | Payment Method: UNIV |
| Beneficiary Type: Customer | Credit Amount: 3,750.00 |
| Value Date: 09/28/2010 | |
| Release Date: 09/28/2010 | |

### Tracking Information

| | | | |
|---|---|---|---|
| Trace Number: | SIGNY-2710685 | Initiated By: | ELLYN |
| Approved By: | VERONICA | Date Approved: | 09/28/2010 15:57:13 EDT |
| Approved By: | | Date Approved: | |
| Status: | Confirmed | Date Entered: | 09/28/2010 15:47:54 EDT |
| Transaction Number: | | | |
| Remark 1: | Transfer Accepted by the Signature Bank wire system | | |
| Remark 2: | Transfer Accepted by Fed. Ref: 20100928B6B7261F000527 | | |
| Date Confirmed: | 09/28/2010 16:13:48 EDT | | |

### Sender

| | | | |
|---|---|---|---|
| Account Name: | PS Finance LLC | | |
| Account Number: | | Currency: | United States Dollar |
| Bank Short Name: | SIGNY | | |

### Beneficiary

| | | | |
|---|---|---|---|
| Name: | Trimark Legal Funding | Address: | PO Box 686 Litchfield Park, AZ 85340 |
| Account Number: | | Currency: | United States Dollar |

### Beneficiary Bank

| | | | |
|---|---|---|---|
| ID: | 122100024 | ID Type: | Fed ABA |
| Name: | JPMorgan Chase | Address: | Arizona |

### Originating Bank

| | | | |
|---|---|---|---|
| ID: | | ID Type: | |
| Name: | | Address: | |
| Account Number: | | | |

### Correspondent Bank

| | | | |
|---|---|---|---|
| ID: | | ID Type: | |
| Name: | | Address: | |
| Account Number: | | | |

### Intermediary Bank

| | | | |
|---|---|---|---|
| ID: | | ID Type: | |
| Name: | | Address: | |
| Account Number: | | | |

### Other Information

Advise Receiver By Cable: No
Charge Fee To Beneficiary: No