UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

PRE-SETTLEMENT FINANCE, LLC,

    Plaintiff,

v.

THERESA M. ELLIS and SCOTT A. ZUKOWSKI,

    Defendants.

Civ. No. 18-6339-KM-CLW

Opinion

### KEVIN MCNULTY, U.S.D.J.:

    This matter comes before the Court on motions by all parties. Defendant Theresa M. Ellis has moved to dismiss the complaint; her husband, defendant Scott A. Zukowski, has moved to be "removed" from the case. (DE 13, 14). Both motions, brought *pro se* after answers were filed, are construed by the court as motions for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c). The plaintiff, Pre-Settlement Finance, LLC ("PSF"), previously filed an identical suit in New York state court. *See Pre-Settlement Fin., LLC v. Ellis*, 2017 N.Y. Misc. LEXIS 2811 (N.Y. Sup. Ct. June 23, 2017). The court in that action granted the defendants' motion to dismiss based on forum non conveniens grounds "conditioned on leave to commence the action in New Jersey." Based on that ruling, the court also denied PSF's motion for default. The defendants' motions before this Court contend that the New York state court's decision effectively amounted to a decision on the merits and that the current action is barred by res judicata and the *Rooker-Feldman* abstention doctrine.

    PSF has opposed the defendants' motions and cross-moved for summary judgment. (DE 16). The basis of PSF's complaint is as follows. In 2005, Ellis and Zukowski filed suit against Ellis's former employer, Ethicon, Inc., claiming that Ethicon had violated the Americans with Disabilities Act ("ADA") by failing to provide Ellis with a reasonable accommodation for her disability related to a mild traumatic brain injury. *See Ellis v. Ethicon, Inc.*, 529 F. App'x 310 (3d Cir.

1

2013). While that action was pending, Ellis contracted with PSF for litigation financing. PSF advanced Ellis $29,000 for the underlying litigation and agreed that it would be compensated from the proceeds if judgment was entered in favor of Ellis or if the matter settled. Under the agreement, PSF was entitled to a return of the principal amount of the advance plus interest, which was calculated at a very substantial annual rate of 51.1%. In the event that Ellis was unsuccessful in the underlying action, however, she was not required to repay the advance and would have "no liability whatsoever to PSF."

PSF claims that the underlying litigation settled, and that Ellis received settlement proceeds without paying off the amount due on the advance in violation of their agreement. PSF's complaint alleges breach of contract against Ellis, breach of the covenant of good faith and fair dealing against Ellis, conversion against Ellis and Zukowski, unjust enrichment against Ellis and Zukowski, aiding and abetting against Zukowski, and tortious interference with a contract against Zukowski. (DE 1).

For the reasons stated below, the motions are all denied. (DE 8, 10, 16).

## I. Rule 12(c) Motions[1]

### A. Allegations of Complaint

In 2005, Ellis filed a complaint against Ethicon, Inc., her former employer, alleging that Ethicon violated the ADA by failing to accommodate her cognitive disability. *See Ellis v. Ethicon, Inc.*, Civ. No. 05-726(FLW), 2009 U.S. Dist. LEXIS 106620, at *1 (D.N.J. Nov. 13, 2009), *aff'd*, 529 Fed. App'x 310 (3d Cir. 2013). In September of 2010, Ellis contacted PSF and requested financing for her litigation. (Compl ¶15). At the time, Ellis was represented by Jill Fisher, Esq. (Compl ¶17).

---

[1] "DE" refers to the docket entry number in this case. "Compl" refers to PSF's complaint. (DE 1).

2

On or about September 23, 2010, PSF and Ellis executed a contract. (DE 16-5).[2] PSF agreed to advance $29,000 to Ellis. (Compl ¶19). The interest rate was compounded monthly at 3.5% or 51.1% annually. (DE 16-5). This was, however, a contingent arrangement. Ellis was required to repay PSF only if she was successful in the underlying case, and either received a settlement or verdict. (Compl ¶20). In the event that Ellis was unsuccessful in the litigation, she was not required to pay any principal or interest on the loan. (*Id.*).

The agreement also contained an "Attorney Acknowledgement," which was signed by Fisher, who was the attorney for Ellis in the underlying litigation. (Compl ¶25). Fisher agreed to distribute any proceeds received from the litigation to PSF, after attorney fees and any liens which had priority over that of PSF were paid off. (*Id.*; DE 16-5). Only after PSF was paid would any remaining balance of proceeds from the litigation be paid to Ellis. (DE 16-5). On September 28, 2010, PSF wired the $29,000 advance to Ellis. (Compl ¶27).

The employment litigation lasted some ten years. It resulted in a jury verdict in favor of Ellis, including an award of back pay and reinstatement to the same or similar position that Ellis had held prior to her termination. *See Ellis v. Ethicon*, Civ. No. 05-0726 (PGS) (DEA), 2014 U.S. Dist. LEXIS 186881, at *6 (D.N.J. June 2, 2014), *aff'd*, 614 F. App'x 613 (3d Cir. 2015). After the jury verdict was rendered, the parties filed a series of motions before the trial court and appealed to the Third Circuit. *Id.* Thereafter, the parties agreed to mediate before the magistrate judge and ultimately settled the matter on March 7, 2014. *Id.* The settlement amount has been sealed. *Ellis v. Ethicon*, Civ. No. 05-0726 (D.N.J. May 12, 2014) (DE 232).

On or about May 13, 2014, PSF was notified that Ellis had replaced Fisher with a new attorney, Patricia Barasch. PSF notified Barasch of its

---

[2] A copy of the contract was submitted by PSF in support of its motion for summary judgment. Because the complaint references and relies upon the contract, it is properly considered on a motion to dismiss. *See In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016).

3

interest in the litigation. (Compl ¶¶28-29). After Barasch submitted an application for attorneys' fees (in the amount of $14,894.14 related to the settlement proceedings), Ellis submitted a supplemental certification requesting that the Court also award an additional $100,057.52 to cover the amount due to PSF. (Compl ¶¶32-33); *Ellis v. Ethicon*, Civ. No. 05-0726 (D.N.J. May 12, 2014) (DE 246). Barasch withdrew as counsel on August 11, 2015. (Compl ¶38).

On September 9, 2015, the Court ordered that the settlement proceeds be deposited with the Court. (Compl ¶39). The Order directed that $14,894.14 be distributed to Barasch and that the remainder of the proceeds be distributed directly to Ellis. (Compl ¶¶40-41).

During the pendency of the underlying litigation, Zukowski provided updates on the litigation to PSF. (Compl ¶¶44-50). On December 22, 2015, Zukowski advised PSF that Barasch, as successor attorney, "became legally responsible for addressing the issues of Theresa [Ellis]'s relationship with PSF." (Compl ¶51). PSF reached out to Barasch; she advised PSF that the matter had been settled and that the Court had directed that the proceeds be distributed directly to Ellis. (Compl ¶¶52-53). Barasch indicated that she had never received Ellis's portion of the settlement. (Compl ¶53).

On December 24, 2015, PSF contacted Ellis and requested that she pay the amount due on the loan, which at that time was $262,168.42. (Compl ¶55). Ellis has not paid the amount due, prompting PSF to file this action.

Before the Court are three motions. Both defendants have separately moved to dismiss the complaint. (DE 13, 14). Zukowski and Ellis argue that this action is barred under the *Rooker-Feldman* doctrine[3] and principles of res judicata. (DE 13, 14). PSF has cross-moved for summary judgment. (DE 16).

---

3      The reference is to *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

4

## B. Standards on Rule 12(c) motion

The defendants filed their motion after having answered the complaint. (DE 8, 10). The Federal Rules of Civil Procedure permit an early challenge to the legal sufficiency of the allegations of a claim under both Rule 12(b)(6) and (c). A motion for judgment on the pleadings pursuant to Rule 12(c) is often indistinguishable from a motion to dismiss, except that it is made after the filing of a responsive pleading. *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); *see Nationwide Mut. Ins. Co. v. Brown*, 226 F. App'x 153, 155 (3d Cir. 2007).[4] This is such a motion; consequently, the usual 12(b)(6) analysis applies.

Rule 12(b)(6), Fed. R. Civ. P., provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014); *Mele v. FRB*, 359 F.3d 251, 253 (3d Cir. 2004) (12(c) motion).

The complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Id. at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

---

[4] Federal Rule of Civil Procedure 12(c) provides: "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings."

5

An affirmative defense of res judicata may raise issues of fact that cannot be resolved prematurely without discovery. In a proper case, however, such defenses may be addressed on a motion to dismiss or judgment on the pleadings, provided that the necessary facts are "apparent on the face of the complaint" and other documents properly considered on a motion to dismiss. *Ball v. Famiglio*, 726 F.3d 448, 459 n.16 (3d Cir. 2013); *c.f. Rycoline Prods., Inc. v. C & W Unltd.*, 109 F.3d 883, 886 (3d Cir. 1997) (affirmative defense must be apparent on face of complaint to be subject to Rule 12(b)(6) motion to dismiss).

On a motion to dismiss, as elsewhere, a court may take judicial notice of decisions of other tribunals:

> [O]n a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991); *see also Funk v. Commissioner*, 163 F.2d 796, 800–01 (3d Cir. 1947) (whether a court may judicially notice other proceedings depends on what the court is asked to notice and on the circumstances of the instant case).

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999); *see generally* Fed. R. Evid. 201. Thus, in regard to res judicata specifically, a prior decision may be noticed for its existence and its legal effect on the current proceeding. *See, e.g., M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010); *Gage v. Warren Twp. Com. & Planning Bd. Members*, 463 F. App'x 68, 71 (3d Cir. 2012).

### C. Res Judicata

For res judicata to apply, a defendant must show that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984).

Here, the New York state action did not constitute a final judgment on the merits, and res judicata therefore does not apply. Generally, courts are

required to determine questions of jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998).

"The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947). The forum non conveniens doctrine "involves the dismissal of a case because the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else." *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955). Forum non conveniens "is a non-merits ground for dismissal." *Malay Int'l Shipping Corp. v. Sinochem Int'l Co.*, 436 F.3d 349, 359 (3d Cir. 2006). Indeed, a forum non conveniens dismissal amounts to a determination that the merits should be adjudicated elsewhere. *See American Dredging Co. v. Miller*, 510 U.S. 443, 454 (1994); *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 148 (1988).

The dismissal of the New York state action was neither final nor on the merits. Moreover, the state court opinion expressly advised the defendants that its decision to grant their motion to dismiss based on forum non conveniens grounds was "conditioned on leave to commence the action in New Jersey." Accordingly, the defendants' motion to dismiss the complaint based on res judicata is denied.

### D. *Rooker-Feldman*

I turn to the defendants' alternative basis for dismissal under *Rooker-Feldman*. That doctrine provides that district courts are prohibited from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus., Inc.*, 544 U.S. 280, 284 (2005); *see Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994) (*Rooker-Feldman* bars a losing party in state court "from seeking what in

7

substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

Four requirements must be met for the doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)).

These requirements are not met. PSF's suit does not seek appellate review of the state court's decision applying New York's forum non conveniens rules to its claims. *Cf. Vasquez v. YII Shipping Co.*, 692 F.3d 1192, 1196 (11th Cir. 2012) (concluding that *Rooker-Feldman* did not apply where case was dismissed on forum non conveniens grounds and underlying merits of case were not resolved by state court action). Instead, PSF asserts a series of state law claims that were *not* addressed on the merits by the New York state action. *Rooker-Feldman* is "confined to cases" that "invit[e] district court review and rejection of judgments" entered by a state court. *Exxon Mobil Corp.*, 544 U.S. at 284 (alteration added).

*Rooker-Feldman* does not prohibit this court from addressing the claims raised in PSF's complaint.

### E. Zukowski's Remaining Arguments

Zukowski also argues that the New York state action "removed" him as a party to this dispute. (DE 13). This represents a misunderstanding of the New York state court decision. In addressing the parties' arguments, the New York state court noted that "defendant Ellis contends that defendant Zukowski was not a party to the assignment and was removed as a plaintiff prior to trial in the NJDC proceeding and is an improperly named defendant in the instant proceeding." The New York state court was simply summarizing an argument made by Ellis. It did not actually rule or otherwise decide this issue. Any

8

argument that this statement had some type of preclusive effect is therefore without merit.

Zukowski also argues that he withdrew from the underlying Ellis litigation, and that he was not a signatory to Ellis's financing contract with PSF. (DE 13). The complaint does not allege a breach of contract claim against Zukowski based on the financing contract. Against Zukowski it alleges conversion,[5] unjust enrichment,[6] aiding and abetting, and tortious interference with a contract.[7] (DE 1). These tort and equitable claims do not depend on an existence of a contract between Zukowski and PSF.

Accordingly, the defendants' motions to dismiss the complaint are denied. (DE 13, 14).

---

[5] Conversion is "'an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Capital Health Sys. v. Veznedaroglu*, 2017 U.S. Dist. LEXIS 28390, at *32-33 (D.N.J. Feb. 27, 2017) (quoting *Ricketti v. Barry*, 2015 WL 1013547, at *8 (D.N.J. Mar. 9, 2015)); see *Chi. Title Ins. Co. v. Ellis*, 409 N.J. Super. 444, 456 (App. Div. 2009); *Scholes Elec. & Communs. v. Fraser*, 2006 U.S. Dist. LEXIS 39287, at *11 (D.N.J. June 14, 2006). Common law conversion consists of the following elements: "(1) the existence of property, (2) the right to immediate possession thereof belonging to [the] plaintiff, and (3) the wrongful interference with that right by [the] defendant." *Capital Health Sys.*, 2017 U.S. Dist. LEXIS 28390, at *33.

[6] Unjust enrichment is an equitable cause of action that imposes liability when a "defendant received a benefit" and defendant's "retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994). To state a claim for unjust enrichment, a plaintiff must show that "(1) at plaintiff's expense (2) defendant received benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it." *Arlandson v. Hartz Mt. Corp.*, 792 F. Supp. 2d 691, 711 (D.N.J. 2011) (internal quotation and citation omitted).

[7] To establish a claim for tortious interference, a plaintiff must establish (1) that it had an existing contract or reasonable expectation of economic benefit or advantage; (2) that the defendant knew of the contract or expectancy; (3) that the defendant wrongfully interfered with that contract or expectancy; (4) that it is reasonably probable that the loss of the contract or prospective economic gain was a result of the interference; and (5) that damages resulted from the interference." *Florian Greenhouse, Inc v. Cardinal IG Corp.*, 11 F. Supp. 2d 521, 525 (D.N.J. 1998); *Palm Bay Imports v. Miron*, 2001 U.S. Dist. Lexis 25119 (D.N.J. 2001), *aff'd*, 55 Fed. App'x 52 (3d Cir. 2002).

## II. PFS Motion for Summary Judgment

Although the parties have not engaged in any discovery, PSF cross-moves for summary judgment on all its claims. (DE 16).

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. Cnty. of Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Delaware River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

A court is "obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery." *See Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007) (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 139 (3d Cir. 1988))); *see also Celotex*, 477 U.S. at 326 (noting that "[a]ny potential problem with ... premature [summary judgment] motions can be adequately dealt with under [Rule 56(d)], which allows a summary judgment motion to be denied ... if the nonmoving party has not had an opportunity to make full discovery."); *see also Gooden v. Twp. of Monroe*, 2006 WL 561916 at *2 (D.N.J. March 7, 2006) (denying motion for summary judgment as premature "because [p]laintiff has not had an opportunity to obtain important relevant evidence through discovery channels."). Rule 56(d) provides for the just adjudication of disputes by ensuring that parties are not "'railroaded' by a

premature motion for summary judgment." *Celotex*, 477 U.S. at 326 (noting summary judgment not premature because parties had conducted discovery and the action had been ongoing for a year prior to petitioner's motion).

In opposition to PSF's motion for summary judgment, Ellis argues that she did not receive any funds owed to PSF and that her attorney was responsible for ensuring payment to PSF. (DE 18 at 7, ¶2; DE 8, at 15). In the New York action, Ellis similarly stated that she did not receive the funds owed to PSF. (DE 16-15). Ellis's certification submitted in connection with the New York state matter also suggests that she is disabled from a traumatic brain injury and "not competent." (DE 16-14; DE 16-16, ¶3). Other matters may be raised as factual or legal defenses; it is simply too early to tell.

PSF's motion for summary judgment in advance of fact discovery is plainly premature. It will be denied without prejudice to reassertion at the proper time.

### III. Conclusion

For the reasons stated above, Ellis's and Zukowski's motions, construed as motions for judgment on the pleadings, are denied. (DE 13, 14). PSF's motion for summary judgment is denied without prejudice. (DE 16).

An appropriate order follows.

Dated: August 2, 2019

_____
**KEVIN MCNULTY**
**United States District Judge**

11