## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

PRE-SETTLEMENT FINANCE, LLC,

     **Plaintiff,**

     **v.**

THERESA M. ELLIS and SCOTT A.
ZUKOWSKI,

     **Defendants.**

Civ. No. 18-06339 (KM) (CLW)

**OPINION**

KEVIN MCNULTY, U.S.D.J.:

Defendants Theresa Ellis and Scott Zukowski sued Ellis's former employer and contracted with Plaintiff Pre-Settlement Finance, LLC ("PSF") for litigation financing. Their agreement provided that PSF would be compensated from the settlement proceeds if the matter settled. PSF claims that the employment litigation settled, and that Ellis received settlement money without paying PSF, thus breaching their agreement. In this separate action, PSF sued Ellis and Zukowski, alleging claims arising from the alleged breach. (DE 1.)[1]

---

[1]     Citations to certain record items will be abbreviated as follows:

    DE = docket entry number

    Compl. = PSF's Complaint (DE 1)

    PSF Brf. = PSF's Brief in Support of its Motion for Summary Judgment (DE 46-3)

    PSF Statement = PSF's Statement of Uncontested Facts (DE 46-2)

    Agreement = Exhibit 1 to PSF Motion for Summary Judgment (DE 46-5), "Plaintiff's Agreement to Pay Proceeds Contingent on Successful Settlement, Judgment or Verdict and Receipt of Proceeds"

    POA = Exhibit 9 to PSF Motion for Summary Judgment (DE 46-13), Attachment: Durable Power of Attorney

    Payment Order = Exhibit 15 to PSF Motion for Summary Judgment (46-19), Order Regarding Settlement Monies Deposited with Court, *Ellis v. Ethicon Inc.*, Civ. No. 05-726 (D.N.J. Aug. 9, 2015), DE 265.

Now before the Court are motions for summary judgment filed by PSF (DE 46), Ellis (DE 51), and Zukowski (DE 52). For the following reasons, PSF's motion is **GRANTED** as to its breach of contract claim (Count 1) and **DENIED** as to the remaining claims, while Ellis's and Zukowski's motions are **DENIED** as to Count 1 and are **GRANTED** as to the remaining claims.

## I.   BACKGROUND

### A. Facts

In 2005, Ellis and Zukowski sued Ellis's former employer, Ethicon Inc., alleging that Ethicon failed to accommodate her disability (a mild traumatic brain injury she suffered after a car accident). (PSF Statement ¶¶ 7, 10, 16, 17.)[2] Following the accident, Ellis granted Zukowski power of attorney. (*Id.* ¶ 11.) The case was tried, and judgment was entered in Ellis's favor in March 2010. (*Id.* ¶¶ 19, 21.) Ethicon appealed. (*Id.* ¶ 22.)

---

Settlement Order = Order, *Ellis v. Ethicon Inc.*, Civ. No. 05-726 (D.N.J. June 2, 2014), DE 236.

Answers = Exhibit 26 to PSF Motion for Summary Judgment (DE 46-30), Ellis's Answers to PSF's First Set of Interrogatories

Defs.' Resp. = Ellis and Zukowski's Response Brief to PSF's Motion for Summary Judgment (DE 53)

Ellis Brf. = Ellis' Motion for Summary Judgment (DE 51)

Zukowski Brf. = Zukowski's Motion for Summary Judgment (DE 52)

Ellis Reply = Ellis's Reply Brief in Support of her Motion for Summary Judgment (DE 55)

[2]   Because Ellis and Zukowski do not dispute many of the facts in PSF's Statement of Facts (*see* Defs.' Resp. 7–9), I rely on that Statement to outline the facts. L. Civ. R. 56(a). For the dispositive facts in this case, however, I rely on the Agreement, judicial orders in the underlying case, and Ellis's answers to interrogatories. *See generally Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (holding that even where a local rule deeming unopposed motions to be conceded, the court was still required to analyze the movant's summary judgment motion under the standard prescribed by Fed. R. Civ. P. 56(e)); Fed. R. Civ. P. 56(c)(1)(A) (listing forms of evidence that can support a factual finding at summary judgment)

In September 2010, Ellis contracted with PSF, a company that advances money to plaintiffs, for litigation financing in connection with her employment action. (*Id.* ¶ 1, 24–25.) At the time, Ellis was represented by attorney Jill Fisher. (*Id.* ¶¶ 18, 25.) Under the Agreement, PSF agreed to advance Ellis $29,000. (Agreement at 1.) The interest rate was compounded monthly at 3.5%, resulting in an annual rate of 51.1%. (*Id.*) This was, however, a contingent arrangement. Ellis was required to repay PSF only if she was successful in the underlying case—"success" being defined as a settlement, judgment, or verdict. (*Id.* at 3.) If Ellis was unsuccessful in the litigation, she was not required to pay any principal or interest on the loan. (*Id.*) PSF wired the $29,000 advance to Ellis. (*Id.* at 16.)

The Agreement also contained an "Attorney Acknowledgement," which was signed by Fisher. (*Id.* at 14–15.) Fisher agreed to distribute any proceeds received from the litigation to PSF, after attorney fees and any liens which had priority over that of PSF were paid off. (*Id.*) Only after PSF was paid would any remaining balance of proceeds from the litigation be paid to Ellis. (*Id.*)

Years later, in 2013, Patricia Barasch replaced Fisher as Ellis's counsel. (*Id.* ¶ 34.) Then, in a 2014 mediation, Barasch, Ellis, Zukowski, and Ethicon agreed to settle the case for an undisclosed amount, and Ellis signed a handwritten settlement agreement. (*Id.* ¶ 36.) Ethicon later sent a formalized agreement for signature, which Ellis refused to sign, claiming that she was not competent at the mediation. (*Id.* ¶¶ 38, 39.) Nonetheless, Judge Sheridan, the presiding judge in the employment action, entered an order enforcing the signed, handwritten agreement, and the Third Circuit affirmed. (*Id.* ¶¶ 43–44, 50; Settlement Order; *see also Ellis v. Ethicon, Inc.*, 614 F. App'x 613 (3d Cir. 2015).) Judge Sheridan entered a subsequent order directing the Clerk to distribute attorney's fees to Barasch, and further directing that Ellis be paid the remainder of the settlement proceeds that had been deposited by Ethicon. (PSF Statement ¶ 52; *see also* Payment Order.)

Zukowski never advised PSF that the case had settled, but Barasch emailed PSF advising them of Judge Sheridan's order. (PSF Statement ¶ 54–55.) PSF then sent Ellis a letter advising her that the principal and interest, now totaling $262,168.42, were due. (*Id.* ¶ 57.) In answers to interrogatories, Ellis states that she received a settlement check and that it was deposited into a joint account with Zukowski. (Answers 6, 7.) PSF has not received any payment from Ellis.

### B. Procedural History

PSF filed a complaint against Ellis and Zukowski, alleging breach of contract against Ellis (Count 1), breach of the covenant of good faith and fair dealing against Ellis (Count 2), conversion against Ellis and Zukowski (Count 3), unjust enrichment against Ellis and Zukowski (Count 4), aiding and abetting against Zukowski (Count 5), and tortious interference with contract against Zukowski (Count 6). (Compl.) Ellis and Zukowski answered (DE 8, 10) and moved to dismiss (DE 13, 14). PSF opposed the motions and cross-moved for summary judgment. (DE 16.) I construed the motions to dismiss as motions for judgment on the pleadings and denied those motions along with PSF's motion as premature. (DE 33; *see also Pre-Settlement Fin., LLC v. Ellis*, Civ. No. 18-6339, 2019 WL 3543999 (D.N.J. Aug. 2, 2019).) Following discovery, the parties have all moved for summary judgment.

## II.   DISCUSSION AND ANALYSIS

PSF is entitled to summary judgment on its breach of contract claim, but judgment on that claim precludes relief on its remaining claims.

### A. Standard of Review

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, a court must construe all facts and inferences in the

light most favorable to the nonmoving party. *See Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist).

Unsupported allegations, subjective beliefs, or argument alone, however, cannot forestall summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1988) (nonmoving party may not successfully oppose summary judgment motion by simply replacing "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."); *see also Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001) ("A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."). Thus, if the nonmoving party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case

necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322–23).

Moreover, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48. A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Where the matter comes before the court on cross-motions for summary judgment, the analysis remains the same:

> This [Rule 56] standard "does not change when the issue is presented in the context of cross-motions for summary judgment." [quoting *Appelmans v. City of Philadelphia*, 826 F.2d 214, 216 (3d Cir. 1987)]. When both parties move for summary judgment, "[t]he court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." 10A Charles Alan Wright et al., Federal Practice & Procedure § 2720 (3d ed. 2016).

*Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 402 (3d Cir. 2016) That one of the cross-motions is denied does not imply that the other must be granted. *Ill. Nat'l Ins. Co. v. Wyndham Worldwide Operations, Inc.*, 85 F. Supp. 3d 785, 794 (D.N.J. 2015). Rather, "[i]t is well settled that cross-motions for summary judgment do not warrant the court in granting summary judgment unless one of the moving parties is entitled to judgment as a matter of law upon the facts that are not genuinely disputed." *Manetas v. Int'l Petroleum Carriers, Inc.*, 541 F.2d 408, 413 (3d Cir. 1976). For each motion, "the court construes facts and draws inferences in favor of the party against whom the motion under consideration is made" but does not "weigh the evidence or make credibility determinations" because "these tasks are left for the fact-finder."

6

*Pichler v. UNITE*, 542 F.3d 380, 386 (3d Cir. 2008) (internal quotation and citations omitted).

### B. Breach of Contract Claim

PSF is entitled to summary judgment on its breach of contract claim against Ellis (Count 1). To prevail on a breach of contract claim, "plaintiffs must demonstrate 'the existence of a contract, their performance pursuant to that contract, the defendants' breach of their obligations pursuant to the contract, and damages resulting from that breach.'" *De Guaman v. Am. Hope Grp.*, 83 N.Y.S.3d 253, 256 (N.Y. App. Div. 2018) (quoting *Elisa Dreier Reporting Corp. v. Global NAPs Networks, Inc.*, 921 N.Y.S.2d 329, 333 (N.Y. App. Div. 2011)) (alterations omitted).[3] There is no dispute that a contract existed, PSF performed by advancing money to Ellis, and Ellis has not paid PSF following the settlement.

Nonetheless, Ellis argues that there was no breach because "there is no Settlement Agreement" and she did not receive any settlement monies from which to pay PSF. (Ellis Brf. at 10–11.) *See generally MHR Capital Partners LP v. Presstek, Inc.*, 912 N.E.2d 43, 47 (N.Y. 2009) ("[A] condition precedent is 'an act or event . . . which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises.'" (quoting *Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co.*, 660 N.E.2d 415, 418 (N.Y. 1995))). However, Ellis has failed to raise a genuine issue of fact regarding whether a settlement was reached or whether she received settlement monies. Judge Sheridan approved and enforced the handwritten settlement agreement, which represented "full and final settlement of this matter" (Settlement Order at 5),

---

[3]     I apply New York law to all claims because the Agreement provides that New York law "control[s] interpretation of this Agreement" (Agreement at 6.) and the parties agree that New York law applies (PSF Brf. at 1; Ellis Brf. at 10; Zukowski Brf. at 13). *Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 152 (2d Cir. 2016) ("The parties' briefs assume that New York law controls, and such implied consent . . . is sufficient to establish choice of law." (citation omitted)); *see also TekDoc Servs., LLC v. 3i-Infotech Inc.*, Civ. No. 09-6573, 2013 WL 2182565, at *10 n.12 (D.N.J. May 20, 2013).

and the Third Circuit affirmed, *Ellis*, 614 F. App'x at 616. In a subsequent order, Judge Sheridan directed the Clerk to distribute the settlement amount (minus attorney's fees) to Ellis and that disbursement "represents the full and final payment of the Settlement Amount" and "discharged" the settlement. (Payment Order at 2–3.)[4] Indeed, in answers to interrogatories, Ellis indicated that the settlement amount was deposited into her and Zukowski's joint account. (Answers 6, 7.)[5] Thus, the evidence shows that a settlement was reached and Ellis received settlement monies, thus triggering her duty to pay PSF. *See MHR Capital Partners*, 912 N.E.2d at 47. She did not and so breached the Agreement.

For these reasons, I will grant summary judgment in favor of PSF on Count 1.

### C. Breach of the Covenant of Good Faith and Fair Dealing Claim

PSF asserts a claim against Ellis of breach of the implied covenant of good faith and fair dealing. (Count 2; Compl. ¶¶ 71–76.) The basis of that claim, however, is simply that Ellis breached an express term of the Agreement—the one requiring payment. (*Id.*) Under New York law, a plaintiff cannot recover on a breach of the implied covenant claim for breaching an express term of a contract. *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013); *Amcan Holdings, Inc. v. Canadian Imperial Bank of Commerce*, 894 N.Y.S.2d 47, 49–50 (N.Y. App. Div. 2010). PSF's implied-covenant claim does not seek any relief beyond what is claimed for breach of contract. (*Compare* Compl. ¶¶ 68–70, *with id.* ¶ 76.) Because PSF is already entitled to recovery on its breach of contract claim, and its theory for its breach of the implied

---

[4]     Though her argument is difficult to comprehend, Ellis seems at times to argue that the Settlement Order did not settle her case, as there were multiple judgments, settlements, and appeals. (Ellis Brf. at 10–11.) But the language in the Settlement Order and Payment Order clearly establishes that the parties reached a final settlement.

[5]     Ellis also argues that she assigned responsibility for the proceeds to Barasch. (Ellis Reply at 5.) But the evidence indicates that Ellis herself received the settlement monies, so performance required her to pay PSF herself. She did not.

covenant claim is no different, I will deny summary judgment in favor of PSF on Count 2 and grant summary judgment in favor of Ellis.

### D. Conversion Claim

PSF asserts a conversion claim against Ellis and Zukowski (Count 3), alleging that they deprived PSF of property consisting of proceeds from the settlement. (Compl. ¶¶ 77–90; PSF Brf. at 15–17.) As damages, PSF seeks the amount owed pursuant to the Agreement. (Compl. ¶ 89.) "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." *Colavito v. N.Y. Organ Donor Network, Inc.*, 860 N.E.2d 713, 717 (N.Y. 2006). "Money, if specifically identifiable, may be the subject of a conversion action." *Petrone v. Davidoff Hutcher & Citron, LLP*, 54 N.Y.S.3d 25, 27 (N.Y. App. Div. 2017) (citation omitted). However, "a cause of action alleging conversion cannot be predicated upon a mere breach of contract." *Conn. N.Y. Lighting Co. v. Manos Bus. Mgmt. Co.*, 98 N.Y.S.3d 101, 103 (N.Y. App. Div. 2019). Although Zukowski was not party to the Agreement, courts have enforced the rule as to non-parties, too. *Culwick v. Wood*, 384 F. Supp. 3d 328, 343 (E.D.N.Y. 2019); *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 204 (S.D.N.Y. 2011).[6] Because the theory of the conversion claim is no different from the breach of contract claim and seeks the same damages, it fails. I will deny summary judgment in favor of PSF on Count 3 and grant summary judgment in favor of Ellis and Zukowski.

---

[6]      Although there are no decisions from New York courts directly addressing whether the rule that there is no double recovery for breach of contract and conversion claims applies to non-parties, I may look to decisions of federal courts interpreting New York law. *Alpizar-Fallas v. Favero*, 908 F.3d 910, 915 (3d Cir. 2018). Indeed, decisions from courts within the Second Circuit are particularly worthy of deference. *See Casey v. Merck & Co., Inc.*, 653 F.3d 95, 100 (2d Cir. 2011) ("Where . . . a question of state law has not been conclusively resolved by [state] courts, our general practice is to look next to the law of the circuit in which the state is located . . . ."); *Dawn Equip. Co. v. Micro-Trak Sys., Inc.*, 186 F.3d 981, 989 n.3 (7th Cir. 1991) (same); *Indep. Petrochem. Corp. v. Aetna Cas. & Sur. Co.*, 944 F.2d 940, 944–55 (D.C. Cir. 1991) (same).

### E. Unjust Enrichment Claim

PSF asserts an unjust enrichment against Ellis and Zukowski (Count 4), alleging that they unjustly retained the settlement monies without paying PSF. (Compl. ¶¶ 91–96; PSF Brf. 17–18.) Again, PSF's theory and requested relief for this claim are indistinguishable from its breach of contract claim. (*See id.*) As with conversion, "recovery on a theory of unjust enrichment for events arising out of [a breach of contract] is ordinarily precluded." *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 907 N.E.2d 268, 274 (N.Y. 2009). The rule applies to non-parties like Zukowski. *Ellington Credit Fund*, 837 F. Supp. 2d at 202 (collecting cases). Thus, I will deny summary judgment in favor of PSF on Count 4 and grant summary judgment in favor of Ellis and Zukowski.

### F. Aiding and Abetting Conversion

PSF asserts a claim against Zukowski (Count 5), alleging that Zukowski aided and abetted Ellis in converting the settlement monies. (Compl. ¶¶ 97–105; PSF Brf. at 18–19.) "Aiding and abetting conversion requires the existence of a conversion by the primary tortfeasor . . . ." *William Doyle Galleries, Inc. v. Stettner*, 91 N.Y.S.3d 13, 18 (N.Y. App. Div. 2018). "[S]uch a claim stands or falls with the underlying tort" of conversion." *Dickinson v. Igoni*, 908 N.Y.S.2d 85, 88 (N.Y. App. Div. 2010) (citation omitted). Accordingly, when a conversion claim fails because it is based on a breach of contract, as here, an aiding and abetting conversion claim also fails. *Johnson v. Cestone*, 80 N.Y.S.3d 15, 17 (N.Y. App. Div. 2018); *Green Bright Light Home Care Servs., Inc. v. Jeffries-El*, 58 N.Y.S.3d 68, 76 (N.Y. App. Div. 2017). Thus, I will deny summary judgment in favor of PSF on Count 5 and grant summary judgment in favor of Zukowski.

### G. Tortious Interference with Contract

Finally, PSF asserts a claim of tortious interference with contract against Zukowski (Count 6), alleging that he "intentionally prevented [Ellis] from paying PSF." (Compl. ¶ 112.) More specifically, PSF argues that Zukowski acted on Ellis's behalf as her attorney-in-fact, and should have paid PSF when she received the settlement monies. (PSF Brf. at 19–20.) For a tortious interference

claim, "[PSF] must show the existence of its valid contract with a [Ellis], [Zukowski's] knowledge of that contract, [Zukowski's] intentional and improper procuring of a breach, and damages." *White Plains Coat & Apron Co. v. Cintas Corp.*, 867 N.E.2d 381, 383 (N.Y. 2007). Additionally, where "an agent is alleged to have induced its principal to breach a contract, the agent cannot be found liable unless it does not act in good faith *and* commits independent torts or predatory acts directed at another for personal pecuniary gain." *Schmidt & Schmidt, Inc. v. Town of Charlton*, 962 N.Y.S.2d 393, 396 (N.Y. App. Div. 2013).

PSF's claim fails because it is based on Zukowski's conduct as an agent, yet PSF has not shown bad faith or additional torts. Power of attorney establishes an agent-principal relationship. *Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 455 (3d Cir. 2018); *Kutnyak v. Dep't of Corr.*, 748 A.2d 1275, 1280 n.11 (Pa. Cmwlth. Ct. 2000).[7] As a result, to succeed on its theory that Zukowski procured Ellis's breach by failing to act on her behalf, PSF must show bad faith or an independent tort by Zukowski. *Schmidt*, 962 N.Y.S.2d at 396. Yet PSF has neither made an argument nor presented evidence to show bad faith or another tort.

Agency issues aside, PSF has not presented any evidence that Zukowski intentionally procured a breach. PSF argues that he procured the breach by failing to disclose the settlement and, when PSF contacted him about the settlement, directing PSF to contact Barasch about disbursement. (PSF Brf. at 19–20.) New York law, however, does not permit a tortious interference claim for mere failure to prevent a breach; rather, some more affirmative, intentional act is required. *See Gundlach v. Int'l Bus. Machines, Inc.*, 594 F. App'x 8, 9–10 (2d Cir. 2014) ("Gundlach's allegation that Tsubota did nothing to ensure that Gundlach's contract with Cognos would not be breached failed to plausibly show, as required by New York law, that 'the defendant intentionally procured

---

[7]     The power of attorney was made under Pennsylvania law (*see* POA), so I use that law to construe it. *See generally Kaneff v. Del. Title Loans, Inc.*, 687 F.3d 616, 624 (3d Cir. 2009) ("[B]ecause choice of law analysis is issue-specific, different states' laws may apply to different issues in a single case." (citation omitted)).

the third party's breach of the contract.'" (quoting *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006)) (alterations omitted)). Thus, a theory that Zukowski should have facilitated Ellis's fulfillment of *her* obligations under the Agreement is insufficient.[8]

Accordingly, I will deny summary judgment in favor of PSF on Count 6 and grant summary judgment in favor of Zukowski.

## III.   CONCLUSION

For the reasons set forth above, PSF's motion for summary judgment is granted as to its breach of contract claim (Count 1) and denied as to the remaining claims (Counts 2–6), while Ellis's and Zukowski's motions are denied as to Count 1 and are granted as to the remaining claims (Counts 2–6).

A separate order will issue. PSF shall submit a proposed form of judgment.

Dated: September 24, 2020

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**

---

[8]     The power of attorney, by its own terms, did not obligate to Zukowski to fulfill any of Ellis's preexisting contractual duties. (POA.) *See generally Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC*, 40 A.3d 145, 150 (Pa. Super. Ct. 2012) ("[A]n individual acting as an agent for a disclosed principal is not personally liable on a contract between the principal and a third party unless the agent specifically agrees to assume liability." (citation and alterations omitted)).