# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PRE-SETTLEMENT FINANCE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THERESA M. ELLIS and SCOTT A. ZUKOWSKI, <br><br> Defendants. | Civ. No. 18-06339 (KM) (CLW) <br><br> **OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

*Pro se* Defendant Theresa Ellis moves for reconsideration under Local Civil Rule 7.1(i) of this Court's summary judgment opinion and order (DE 56, 57; *see also Pre-Settlement Fin., LLC v. Ellis*, Civ. No. 18-06339, 2020 WL 5743036 (D.N.J. Sept. 24, 2020)).[1] For the following reasons, Ellis's motion (DE 59) is **DENIED**.

## I.   BACKGROUND

The facts are set forth more fully in the Court's prior opinion. *Pre-Settlement Fin.*, 2020 WL 5743036, at *1–2. Ellis and Scott Zukowski sued Ellis's former employer, and Ellis contracted with Pre-Settlement Finance, LLC ("PSF") for litigation financing. The agreement provided that PSF would be compensated from the settlement proceeds if the matter settled. The matter settled, but PSF never received payment from Ellis. So PSF sued Ellis and Zukowski, asserting multiple claims. The parties all moved for summary judgment, and the Court granted PSF summary judgment on its breach of contract claim but held that "judgment on that claim precludes relief on its remaining claims." *Id.* at *2. Accordingly, PSF's motion was granted as to its

---

[1]    "DE" refers to docket entries in this case.

"Mot." refers to Ellis's Motion for Reconsideration (DE 59).

breach of contract claim (Count 1) and denied as to the remaining claims, while Ellis's and Zukowski's motions were denied as to Count 1 and granted as to the remaining claims.

## II.   DISCUSSION

### A. Standard of Review

"While the Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration, the Local Civil Rules governing the District of New Jersey do provide for such review." *Dunn v. Reed Grp., LLC*, Civ. No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan. 13, 2020) (internal quotations marks and citations omitted). Local Civil Rule 7.1(i) allows a party to seek reconsideration of decision if there are "matters or controlling decisions which counsel believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). The party must generally show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

### B. Analysis

Ellis presents no persuasive basis for reconsideration.

First, Ellis seems to argue that the Court incorrectly found Zukowski liable for the breach of contract claim (Count 1), when that claim was asserted only against Ellis as the party who contracted with PSF. (Mot. at 6, 8–9; *see also* DE 1 ¶¶ 56–70.)[2] The opinion is explicit, however, that PSF "alleg[ed] breach of contract against Ellis (Count 1)" and "PSF is entitled to summary judgment on its breach of contract claim against Ellis (Count 1)." *Pre-Settlement Fin.*, 2020 WL 5743036, at *2, 4. True, the opinion and order also denied summary judgment in favor of Zukowski on Count 1. *Id.* at *1, 7; DE

---

[2]      I set aside the issue of Ellis's standing to object to what she interprets as a finding of liability against Zukowski. *Cf. Sanchez-Garcia v. United States*, 802 F. App'x 37, 40 (3d Cir. 2020). The problem would be easily remedied by permitting Zukowski to join in the motion.

57, at 1. But the opinion and order did so because Zukowski *moved* for summary judgment on *all* claims, and the Court is obligated to dispose of all motions that are made. (DE 52, at 2, 5.) Regardless, the final judgment form which PSF submitted pursuant to the Court's order makes is plain that judgment on Count 1 is entered only against Ellis. (DE 58.) Thus, there is no need to correct the opinion or order.

Second, Ellis contends that the Court erred in granting summary judgment against herself and in favor PSF on Count 1. For support, she rehashes arguments from her summary judgment briefing or voices her disagreement with the Court's conclusions. (Mot. at 9–12.) "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612–13 (D.N.J. 2001) (quoting *G-69 v. Degnan,* 748 F. Supp. 274, 275 (D.N.J. 1990)). No grounds overlooked by the Court, or new grounds which could not have been asserted earlier, are proffered.

### III.   CONCLUSION

For the reasons set forth above, the motion for reconsideration is denied. A separate order will issue.

Dated: November 2, 2020

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**

3